# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

|  |  |
|---|---|
| CYTONYA STOVALL, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No.: 2:14-cv-161-WHA |
|  | ) |
| COVINGTON CREDIT OF ALABAMA, | ) DEMAND FOR TRIAL BY JURY |
| INC., | ) |
|  | ) |
| Defendant. | ) |

2014 MAR 10 P 3:10

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendant states as follows:

### PARTIES

1. Plaintiff CyTonya Stovall is a resident of Montgomery County, Alabama, over 19 years of age, and is competent to bring this action.

2. Defendant Covington Credit of Alabama, Inc. ("Covington") is an Alabama corporation with its principal place of business located in Montgomery, Alabama and was doing business in the Middle District of Alabama at all times material to this Complaint.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331.

### FACTUAL ALLEGATIONS

4. Defendant Covington has made numerous calls to Plaintiff's cellular telephone without Plaintiff's prior express consent.

5. Beginning in or around September 2013, Defendant Covington began making calls

to Plaintiff's cellular telephone regarding a debt that is not owed by Plaintiff, rather it is owed by Plaintiff's brother.

6. Plaintiff informed Defendant that the cellular telephone number it was calling was not Plaintiff's brother's telephone number, but was Plaintiff's telephone number and instructed Defendant to cease and desist calling her telephone, yet Defendant failed and refused to stop calling Plaintiff's cellular telephone.

7. On or about September 28, 2013, Defendant called Plaintiff's cellular telephone number again regarding a debt she did not owe and began asking lots of questions of Plaintiff when Plaintiff again informed Defendant the debt was not hers and that she would tell her brother to call Defendant.

8. Defendant's agent, employee, and/or representative then asked Plaintiff, "Do you know what corner your brother stands on?" which infuriated Plaintiff to the point of demanding an apology for Defendant's outrageous comment and demanding to speak to a supervisor.

9. A person who went by the name of "Todd" and representing himself to Plaintiff as a supervisor came onto the line to speak with Plaintiff and after Plaintiff informed "Todd" of what his employee just said to her, "Todd" began to speak rudely to Plaintiff as well.

10. Plaintiff became further infuriated at "Todd's" outrageous comments and told Todd she had instructed Defendant to stop calling her already and yet Defendant continued to call and harass her about a debt she does not owe.

11. The harassment of Plaintiff by Defendant Covington did not stop after that telephone call to Plaintiff's cellular telephone.

12. Defendant Covington continues to call and harass Plaintiff on her cellular telephone,

which she has not given Defendant permission to call, for which she has told Defendant numerous times to stop calling, and by which Covington continues to harass Plaintiff about a debt she does not owe.

13. Defendant Covington has illegally and unlawfully called Plaintiff on her cellular telephone about a debt she does not owe from September through the present.

14. Further, on or about January 7, 2014, someone from Defendant Covington who called himself "Dave" came to Plaintiff's home address attempting to collect from Plaintiff a debt Plaintiff does not owe.

15. Plaintiff told Dave that she did not owe any debt to Defendant and instructed Dave to leave her property at which time Dave pulled in front of Plaintiff's neighbor's home and parked his vehicle where he could watch Plaintiff in order to further harass and intimidate Plaintiff into paying a debt she does not owe.

16. When Plaintiff started dialing the police, Dave decided to leave the area.

17. Defendant Covington illegally used an autodialer to call both Plaintiff's cell phone without obtaining prior express consent to do so in violation of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227, et seq. ("TCPA[1]").

18. Further, Defendant Covington continued to use an autodialer to call Plaintiff's cell phone after Plaintiff expressly revoked any permission Covington may have thought it had been given to do so.

19. Defendant Covington illegally used a predictive dialer to call Plaintiff's wireless numbers without permission to do so in violation of the TCPA.

20. Further, Defendant Covington continued to use a predictive dialer to call Plaintiff's

---

[1] Any reference to the FDCPA or the TCPA includes all applicable subsections whether explicitly stated or not.

wireless numbers after Plaintiff expressly revoked any permission Covington may have thought it had been given to do so.

21. Defendant Covington illegally used pre-recorded calls to call Plaintiff's wireless number without permission to do so in violation of the TCPA.

22. Further, Defendant Covington continued to use pre-recorded calls to call Plaintiff's cell phone after Plaintiff expressly revoked any permission Covington may have thought it had been given to do so.

23. The volume and type of calls are harassing as the intent and motive behind them are to harass Plaintiff.

24. Plaintiff verbally instructed Defendant Covington to cease and desist making calls to her cellular telephone number explaining to Defendant it did not have her permission to call her cellular telephone.

25. Defendant Covington continued to use an autodialer and/or predictive dialers to make repeated telephone calls to each Plaintiff's cellular telephone and failed and refused to cease the calls even after having been instructed by Plaintiff to do so.

26. All telephone contact by Covington with Plaintiffs her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

27. The telephone calls placed by Covington to Plaintiffs' cellular telephones via the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

28. The telephone number that Covington used to contact Plaintiffs, with a "prerecorded

voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

29. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

30. Plaintiff did not give her prior express consent to Defendant Covington to call each her cellular telephone, and further, repeatedly instructed Defendant not to call her on her cellular telephone utilizing an "artificial or prerecorded voice" or calls placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

31. Covington did not make telephone calls to either Plaintiff's cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(b)(1)(A).

32. Covington' telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. §227(b)(1)(A).

33. Defendant Covington illegally used a predictive dialer to call Plaintiff'' cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA). Defendant Covington illegally used pre-recorded calls to call Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

34. Plaintiff did not provide Defendant Covington express consent to call her cell phone with an autodialer or with a predictive dialer.

35. Plaintiff never gave Defendant Covington permission to call his or her cell phone with pre-recorded calls.

36. The volume and type of calls are harassing as the intent and motive behind them is to

harass Plaintiff.

37. The above-detailed conduct by Defendant Covington of harassing the Plaintiff was also an invasion of her privacy by an intrusion upon seclusion and resulted in actual damages to each Plaintiff.

38. This series of abusive collection calls by Defendant Covington by and through its employees, agents, and/or representatives caused Plaintiff stress and anguish as a result of these abusive calls.

39. Defendant Covington's repeated attempts to collect this alleged debt from Plaintiff, and its refusal to stop violating the law, was an invasion of Plaintiff's privacy and her right to be left alone.

40. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant Covington in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

41. Defendant Covington was attempting to collect this debt from Plaintiff when it knew or should have known by information provided to it through various sources, including Plaintiff, it did not have prior express authorization to contact Plaintiff via a wireless number.

42. Plaintiff is a "consumer" for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(3).

43. Defendant Covington is a "debt collector" for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(6).

44. Defendant Covington engaged in "communications" with each Plaintiff for purposes of the Fair Debt Collection Practices Act ("FDCPA") as defined in 15 U.S.C. §1692a(2).

45. Defendant Covington engaged in communications with Plaintiff for the purpose of

collecting a "debt" as defined in the FDCPA at 15 U.S.C. §1692a(5).

46. Defendant Covington has called Plaintiff's cellular phone numerous times and left voice mails on Plaintiff's telephone in which Defendant Covington failed to identify itself it as a debt collector and/or failed to identify itself at all in violation of the FDCPA.

47. Defendant Covington has called Plaintiff's wireless number numerous times in an attempt to harass Plaintiff into paying an alleged debt in violation of both the FDCPA and Telephone Consumer Protection Act. These calls occurred even after Plaintiff informed Defendant it was not to call.

48. Defendant Covington's employees were employed and retained by Defendant Covington to perform the debt collection activities it performed stated herein and Covington's employees' actions in this matter were performed as an agent of Defendant.

49. The numerous calls and the timing of the calls to Plaintiff are violations of the Fair Debt Collection Practices Act. Further, the volume and type of calls are harassing as the intent and motive behind them is to harass Plaintiff into paying Defendant Covington for a debt she does not owe.

50. The above-detailed conduct by Defendant Covington of harassing Plaintiff in an effort to collect this purported debt was also an invasion of her privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

51. This series of abusive collection calls by Defendant Covington and its agents caused Plaintiff stress and anguish as a result of these abusive calls.

52. The repeated attempts to collect this debt from Plaintiff by Defendant Covington and the refusal to stop violating the law was an invasion Plaintiff's privacy and her right to be left alone.

53. Plaintiff has suffered actual damages as a result of these illegal collection

communications by Defendant Covington in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") 47 U.S.C. § 227, et seq.

54. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

55. Defendant Covington has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers and/or predictive dialers that have been unleashed against Plaintiff by Defendant, including but not limited to, the calls to Plaintiffs at all hours of the day and night, including calls to Plaintiff's wireless number.

56. Defendant Covington has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal pre-recorded messages that have been unleashed against Plaintiff by Defendant, including but not limited to, the calls to Plaintiff's cell phone for which Covington had no authorization to call.

57. There is no exception or justification for the numerous violations of the TCPA by Defendant Covington.

58. Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant Covington in the amount of at least $500.00 per call, and Plaintiffs request that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call, in accordance with 47 U.S.C. § 227(b)(3).

59. All actions taken by Defendant Covington were taken with malice, were done

willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

60. All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Covington for statutory, actual, compensatory, and/or punitive damages an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant Covington.

## COUNT II
## NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

61. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

62. Defendant Covington owed a duty to Plaintiff not to place telephone calls to the cellular telephone of Plaintiff in violation of state and/or federal law, not to continually harass her with regard to this debt in violation of state and/or federal law, not to attempt to collect on an alleged debt in an illegal and unreasonable manner as stated throughout the allegations in this Complaint, and not to attempt to collect a debt from her that she did not owe Defendants.

63. Defendant Covington had a duty to properly credit Plaintiff's account and to not have its employees and/or agents collect upon an alleged debt that Plaintiff did not and does not owe.

64. Defendant Covington had a duty under Alabama law to act reasonably under the circumstances.

65. Defendant Covington violated this duty under Alabama law by failing to cease collecting upon an illegal and improper debt and contacting Plaintiff on her cellular telephone in violation of state and/or federal law and/or by attempting to collect on an alleged debt in an illegal and unreasonable manner as stated throughout the allegations in this Complaint as well as attempting to collect a debt from Plaintiff she did not and could not owe.

66. Defendant Covington violated its respective duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as all Defendants refused to comply with all the duties that each Defendant had.

67. Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Covington for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant Covington.

## COUNT III
## NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION OF EMPLOYEES AND/OR AGENTS

68. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

69. Defendant Covington negligently, wantonly, and/or intentionally hired, retained, or

supervised incompetent personnel, who were allowed or encouraged to violate the law as was done to Plaintiffs and stated herein, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff. The Defendant's employees, agents, and/or representatives committed the violations of state and/or federal law as set forth in this Complaint.

70. Defendant Covington was negligent or wanton in the hiring, training, and/or supervision of its employees and/or agents.

71. The employees and/or agents of Defendant Covington, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency were incompetent to perform his/her duties and all Defendants did know, or should have known, of such incompetence.

72. The negligent or wanton conduct of those employees and/or agents of Defendant Covington while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to and/or proximately caused Plaintiff to suffer damages as set forth in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Covington for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant Covington.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

73. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

74. Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and

Defendant Covington violated Alabama law as described in this Complaint, including, but not limited to, making numerous telephone calls to Plaintiff's cellular telephone without express permission, using automated and/or predictive dialers, and/or leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiffs in violation of state and/or federal law.

75. Defendant Covington intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, including, but not limited to, making numerous telephone calls to Plaintiff's cellular telephone number using automated and/or predictive dialers leaving pre-recorded messages in an attempt to harass, annoy, and/or oppress Plaintiff in violation of state and/or federal law and by repeatedly and unlawfully attempting to collect a debt and thereby invading Plaintiffs' privacy.

76. Defendant Covington intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting upon an alleged debt and by repeatedly and unlawfully attempting to collect a debt Plaintiff does not owe and in the course thereof, thereby invaded Plaintiff's privacy by invading and intruding upon Plaintiff's right to privacy.

77. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, private concerns or affairs, and private financial information.

78. The conduct of Defendant Covington in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

79. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to compensatory and/or punitive damages from Defendant Covington.

80. All the above acts and omissions of Defendant Covington by and through its

agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant Covington for actual, compensatory, and/or punitive damages in an amount to be determined by the trier of fact, together with attorneys' fees, interest from the date of injury and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant Covington.

## COUNT V
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 et seq.

81. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

82. Defendant Covington, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency with Defendant, dialed Plaintiff's cellular telephone number and left a message on her voice mail without making a meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6).

83. Defendant Covington, by and through their agents and/or employees, while acting in the line and scope of their employment and/or agency with Defendants, dialed Plaintiff's cellular telephone number and left a message on her voice mail without disclosing the communication was from a debt collector in violation of 15 U.S.C. §1692e(11).

84. Debt collectors are prohibited by 15 U.S.C. §1692d(5) from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

85. Defendants Covington and DOE made numerous and repeated phone calls to the

wireless number of Plaintiff repeatedly and continuously with the intent to annoy, abuse, or harass Plaintiff in violation of 15 U.S.C. §1692d(5).

86. Defendant Covington had its employees and/or agents make telephone calls, left voice mails, and even sent its agents to Plaintiff's home making false, deceptive, and misleading representations in an attempt to collect a purported debt from Plaintiff in violation of 15 U.S.C. §1692e.

87. The phone calls, voice mails, and home visits of Defendant Covington made to Plaintiff contained false, deceptive, and misleading representations with respect to the character, amount, or legal status of an alleged debt of Plaintiff in violation of 15 U.S.C. §1692e(2).

88. The phone calls, voice mails, and agents of Defendant Covington made to Plaintiff threatened to take actions that could not legally be taken for an alleged debt that Plaintiff does not owe, in violation of 15 U.S.C. §1692e(5).

89. Defendant Covington came to Plaintiff's home in an attempt to collect a debt she did not owe and further refused to leave when Plaintiff instructed Defendant's agent and/or employee to do so in violation of 15 U.S.C. §1692c(a)(1).

90. Defendant Covington used profane and rude language in attempting to collect a debt from Plaintiff she did not owe in violation of 15 U.S.C. §1692d(2).

91. Defendant Covington told Plaintiff, a third party, her brother owed it a debt in violation of 15 U.S.C. §1692b(2).

92. Defendant Covington contacted Plaintiff, a third party, more than once and after Plaintiff instructed it not to contact her in violation of 15 U.S.C. §1692b(3).

93. Defendant Covington's actions in this matter as detailed throughout this

Complaint constitute unfair collection practices with regard to an alleged debt of Plaintiff in violation of 15 U.S.C. §1692f.

94. Further, the natural consequence of the conduct of Defendant Covington in this matter as detailed throughout this Complaint is to harass, oppress, and abuse Plaintiffs in violation of 15 U.S.C. §1692d.

95. All actions taken by Defendant Covington were done willfully, with malice, and were done with either the desire to abuse, annoy, harass, and oppress Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FDCPA and/or that they knew or should have known that their actions were in reckless disregard of the FDCPA.

96. Defendant Covington's violations of the FDCPA proximately caused the injuries and damages to Plaintiff as set forth in this Complaint, including actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

WHEREFORE, Plaintiff demands judgment against Defendant Covington for statutory, actual, compensatory and/or punitive damages in an amount to be determined by the trier of fact, plus attorney's fees, interest from the date of injury, and the costs and expenses of this proceeding. Further, Plaintiff prays for further and other just and equitable relief against Defendant Covington.

### COUNT VI
### CLASS CLAIMS AGAINST DEFENDANT COVINGTON FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 et seq.
**Class Action Allegations**

97. All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

98. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all other persons or entities similarly situated throughout the State of Alabama.

99. Upon information and belief, pursuant to a uniform policy and procedure, Covington and/or its authorized agents, performed skip trace searches to find telephone numbers, including cellular telephone numbers for which it did not obtain prior express permission to call before calling, and then engaged in widespread calling of cellular telephones without express permission to do so in violation of the TCPA.

100. Upon information and belief, Covington and/or its authorized agents, has made thousands of calls to the cellular telephones of hundreds, or possibly thousands of individuals and entities throughout the State of Alabama via auto-dialer without first obtaining prior express consent and/or by using artificial prerecorded voices.

101. The classes of persons Plaintiff proposes to represent include:

> All persons or entities within the State of Alabama, within the four years prior to the filing of the Complaint, received telephone calls to their cellular telephone without Covington first obtaining prior express consent to call using an automatic telephone dialing system.

102. The class as defined above is identifiable by phone records and phone number databases. On information and belief, the potential class members number in the hundreds, and possibly thousands, and constitute a class so numerous that joinder of all class members is impracticable.

103. Plaintiff is a member of the class.

104. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

a. Whether Defendant violated the TCPA by engaging in collection calls via auto-dialer without first obtaining prior express consent;

b. Whether the Defendant obtained prior express consent from consumers before making calls to consumer's cell phones;

c. Whether the Plaintiff and the members of the class are entitled to statutory damages as a result of Defendant Covington's actions.

105. Plaintiff's claims are typical of the claims of the class.

106. Plaintiff is an adequate representative of the classes because her interests do not conflict with the interests of the class, and she will fairly and adequately protect the interests of the class.

107. Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

108. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

109. Plaintiff is capable of and is willing to represent the other members of the class.

## Legal Claims

*First Class Claim - Calls to Cellular Telephones Without Obtaining Prior Express Consent*

110. Plaintiff refers to and incorporates all previous paragraphs as though fully set forth herein.

111. The TCPA prohibits the making of any call—without prior express consent of the called party—by using any automatic telephone dialing system to a cellular telephone.

112. Defendant Covington violated the TCPA by making calls to collect a debt, albeit a debt Plaintiff does not owe, to Plaintiff's cell phone via auto-dialer.

113. Defendant failed to obtain prior express consent before calling Plaintiff's cellular telephone number via auto-dialer in violation of the TCPA.

114. Defendant has, therefore, violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

115. As a result of Defendant Covington's illegal conduct as alleged herein, the members of the class suffered actual damages and, under §227(b)(3)(B), are each entitled, inter alia, to a minimum of $500.00 in damages for each such violation of the TCPA.

*Second Class Claim: Injunctive Relief*

116. Plaintiff refers to and incorporates all previous paragraphs as though fully set forth herein.

117. Defendants, their authorized agents, vendors, or contractors have possession, custody and control of the business records, databases, computer systems and other information and equipment necessary to identify the members of the class, including but not limited to the names, addresses and cellular telephone numbers of the class members. Unless immediate injunctive relief is ordered, Defendants their authorized agents, vendors, or contractors may alter, erase, delete, destroy or otherwise dispose of and remove such systems, records and equipment. For this reason, Plaintiff is entitled to an order prohibiting and enjoining Defendants their authorized agents, vendors, or contractors from altering, deleting, destroying or otherwise disposing of any documents, records, databases or computer systems that are necessary to identify the members of the class.

118. The TCPA expressly authorizes injunctive relief to prevent further violations of the TCPA.

119. The Plaintiff, acting on behalf of the Class, respectfully petitions this Court to order

Defendant Covington, including, but not limited to its employees, agents or other affiliates, to immediately cease calling cellular telephones without first obtaining prior express consent to call cellular telephones in violation of the TCPA.

### Relief Sought

120. Plaintiff, on behalf of herself and the Class, prays for the following relief:

   1. An order certifying the Class as defined above;

   2. An injunction requiring Defendant to cease all cellular telephone calls without prior express consent and restraining Defendant from altering, erasing, changing, deleting, destroying or otherwise removing or disposing of any documents, records, databases, computer systems and the like currently in its possession or control or in the possession or control of its agents and contractors which are used or useful in identifying all persons to whom Defendant has made calls to a cellular telephone without prior express consent;

   3. An order preliminarily and permanently enjoining Defendant from engaging in the practices challenged herein;

   4. A minimum of $500.00 in damages for each violation of the TCPA;

   5. Reasonable attorneys' fees and costs; and

   6. Such further and other relief the Court deems appropriate.

*[signature]*

Wesley L. Phillips
Attorney for Plaintiffs

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001

Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
wlp@wphillipslaw.com

Plaintiffs Address:
Overview
Montgomery, Alabama 36117

## JURY DEMAND

Plaintiff demands a trial by struck jury.

_____
OF COUNSEL

## PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:

Covington Credit of Alabama, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104